# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE BIRCH, | 3:17-cv-00599-RCJ-WGC |
|     Plaintiff, | |
| vs. | |
| DEL PORTO, *et al.*, | |
|     Defendants. | |
| BRUCE BIRCH, | 3:17-cv-00610-RCJ-WGC |
|     Plaintiff, | |
| vs. | **ORDER** |
| PAM DEL PORTO, *et al.*, | |
|     Defendants. | Re ECF No. 47 |

Before the court is Plaintiff's "Request for Orders for Compliance, Transcripts and Settlement Agreement" (ECF No. 47) as well as numerous "Judicial Notices" Plaintiff has filed (as discussed herein). Plaintiff's "Request" was filed on January 8, 2019. Although the time clearly has not run within which Defendants would be required to respond, because of a forthcoming hearing on the apparent settlement of this and five other cases filed by Plaintiff pending in this District, the court has accelerated its review of Plaintiff's "Request for Orders for Compliance".

On October 19, 2018, retired U.S. Magistrate Judge Valerie P. Cooke successfully presided over an early mediation conference (EMC) scheduled in this matter and in another of Plaintiff's pending civil rights cases, *Birch v. Del Porto, et al.*, 3:17-cv-599-RCJ-WGC. As the transcript of the EMC reflects (filed in case no. 3:17-cv-599-RCJ-WGC as ECF No. 42), Judge Cooke placed on the record the terms

of the settlement in not only the two cases identified above (3:17-cv-599-RCJ-WGC and 3:17-cv-610-RCJ-WGC) but in four other cases Plaintiff is also prosecuting: *Birch v. Del Porto, et al.*, 3:17-cv-439-MMD-CBC; *Birch v. Dzurenda, et al.,* 3:18-cv-416-RCJ-WGC; *Birch v. Dzurenda, et al.,* 3:18-cv-303-MMD-WGC; and *Birch v. Del Porto, et al.,* 3:18-cv-400-MMD-CBC.

Subsequent to the terms of the settlement of the six cases being placed on the record by Judge Cooke, Plaintiff Birch expressed his apparent disagreement with the confirming settlement and dismissal documents Deputy Attorney General DeLong proposed. Plaintiff requested a transcript of the EMC. The court granted Plaintiff's request for the preparation of a transcript (ECF Nos. 16, 17, 3:17-cv-439; ECF Nos. 23, 24, 3:17-599; ECF Nos. 21, 22, 3:17-cv-610).[1]

Plaintiff thereafter filed a motion in two of these cases to require enforcement of the settlement agreement, to which Defendants responded. (ECF Nos. 32, 40, 3:17-cv-599; ECF Nos. 30, 38, 3:17-cv-610). The court thereupon scheduled a hearing to address Plaintiff's motions and the status of settlement in all six of Plaintiff's cases. *See, e.g,* ECF No. 43, 3:17-cv-599; ECF No. 41, 3:17-cv-610. The court addressed Plaintiff's complaints regarding the settlement terms in the proposed settlement agreement prepared by Defendants' counsel. Minutes of the court's hearing were filed as ECF No. 47 in 3:17-cv-599 and as ECF No. 46 in 3:17-cv-610. Although the minutes were filed in the two specified cases, the discussion and resolution of any complications regarding settlement pertained to all six *Birch* cases. *See, e.g.*, Minutes of Proceedings, ECF No. 47 at 4, 3:17-cv-599.

From the discussions the court engaged in with Mr. Birch and Deputy Attorney General DeLong, it appears that certain of the deadlines identified by Judge Cooke in the transcript of the EMC were altered per mutual agreement of the parties. *See*, ECF No. 47 at 2-3, 3:17-cv-599.

There was apparently also some initial dispute as to the terms of the settlement agreement, but as documented in the Minutes, the parties agreed that the substance of the settlement terms were still consistent (ECF No. 47 at 3). In that regard, Mr. Birch and NDOC Deputy Director John Borrowman executed the finalized settlement agreement under dates of December 12 and December 20, respectively. (ECF No. 47 at 2, 4). Because of the extension of the "trigger dates" set forth in the initial settlement

---

[1]The transcript was only filed in 3:17-cv-599-RCJ-WGC as ECF No. 45.

1 agreement versus those contained in the final settlement agreement, Mr. Birch expressed concern that
2 if he executed the stipulations for dismissal, he might lose an ability to ensure the NDOC Defendants
3 complied with their settlement responsibilities. The court proposed to the parties that Mr. Birch sign
4 the stipulations for dismissal and return them to Deputy Attorney General DeLong. Mr. DeLong would
5 then deliver the stipulations (countersigned by himself) to the Chambers of Magistrate Judge
6 William G. Cobb. The court would retain the stipulations for dismissal "until the court holds a status
7 conference approximately thirty days from today's date or is otherwise notified to execute the
8 stipulations for dismissal." (ECF No. 47 at 3).

Deputy Attorney General DeLong had no objection to the proposed "escrow" process concerning the stipulations for dismissal but wanted to confirm that under the terms of the settlement agreement, certain provisions might not be implemented for 90 days. Mr. Birch also expressed acquiescence in what Mr. DeLong stated and also the process proposed by the court, with the proviso that "as long as he is being assured the Defendants are in the process of fulfilling the terms of the settlement agreement, he does not see any conflict with signing the stipulations for dismissal." (ECF No. 47 at 3-4, 3:17-cv-599).

Although the court scheduled a continued status conference on the implementation of the settlements for Monday, January 28, 2019, at 10:00 a.m., the court directed Mr. Birch to file a notice with the court as to whether he was satisfied with the progress of the settlement on or before Thursday, January 24, 2019. (ECF No. 47 at 4-5, 3:17-cv-599).

On December 28, 2018, Plaintiff filed what he styled as a "Judicial Notice"[2] (ECF No. 46, 3:17-cv-599; ECF No. 43, 3:17-cv-610). In this "Notice" Plaintiff essentially encouraged Deputy Attorney General DeLong to ensure the terms of the settlement were being implemented. Mr. Birch also stated that he has "signed everything and I wish very much to put this all behind me prior to 1-24-19." (*Id.*)

The December 28, 2018 "Judicial Notice" was followed by another such filing, i.e., a "Judicial Notice" filed on December 31, 2018 (ECF No. 44, 3:17-cv-610). Plaintiff's notice attaches a letter to Plaintiff from the Chief of NDOC Inmate Banking Services that the funds from the Plaintiff's mother's estate could not be deposited in Plaintiff's "Trust II" account because, among other reasons, "the funds

---

[2] Plaintiff has filed multiple "Judicial Notices" in these cases. *See, e.g.*, ECF Nos. 25, 28, 29, 34, 35, 36, 39, 3:17-cv-610, all prior to the court setting the settlement agreement for a hearing.

are not due to a court settlement. . . ." (ECF No. 44, 3:17-cv-610). It would appear to the court that NDOC Inmate Banking Services was not initially advised of the settlement agreement in these cases, the terms of which included Plaintiff's ability to deposit his mother's estate funds into his Trust II account. Nevertheless, it also appears Inmate Banking Services subsequently accepted the deposit of the specified sums into Plaintiff's "Trust II" account. *See*, Plaintiff's "Judicial Notice," 1/9/19, ECF No. 48, 3:17-cv-610. As the court interprets Plaintiff's most recent filing (ECF No. 48), many, if not all, of the issues Plaintiff identified in his "Request for Order for Compliance" (ECF No. 47) are now moot.

The court, therefore, will not require Defendants' counsel in this case, or in any of the other pending *Birch* cases, to file a response to Plaintiff's "Request for Order for Compliance" (ECF No. 47).

Plaintiff is again directed to file a notice with the court, on or before **Thursday, January 24, 2019**, as to whether Mr. Birch is sufficiently satisfied with the progress of the implementation of the settlement terms and whether the court may proceed to process the stipulations for dismissal the court has retained. If Plaintiff does not file a notice, or if Plaintiff questions the implementation of any of the terms of the settlement agreement, the court will proceed with the previously scheduled status conference for Monday, January 28, 2019, at 10:00 a.m.

**IT IS SO ORDERED.**

DATED: January 10, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE